Sharma v. Garland

BIA
Wright, IJ
A208 617 697

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-three.

PRESENT:
DEBRA ANN LIVINGSTON,
*Chief Judge,*
STEVEN J. MENASHI,
EUNICE C. LEE,
*Circuit Judges.*

_____

JAIDEEP SHARMA,
*Petitioner,*

v.                                    20-3259
                                      NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Dalbir Singh, Esq., New York, NY.

FOR RESPONDENT:        Brian Boynton, Acting Assistant
                       Attorney General; Holly M. Smith,

Assistant Director; Kohsei Ugumori, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jaideep Sharma, a native and citizen of India, seeks review of an August 28, 2020, decision of the BIA affirming a September 13, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jaideep Sharma,* No. A 208 617 697 (B.I.A. Aug. 28, 2020), *aff'g* No. A 208 617 697 (Immig. Ct. N.Y. City Sept. 13, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. "[T]he administrative findings of fact are conclusive unless any

2

reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Accordingly, we review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted); *see also Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determinations for substantial evidence).

A factfinder "may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements," "the internal consistency of each such statement," "the consistency of such statements with other evidence of record," and "any inaccuracies or falsehoods in such statements," and it may do so "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an

adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the adverse credibility determination in this case. Sharma alleged persecution by ruling parties in India because of his membership in the Shiromani Akali Dal Amritsar ("SADA") party. The agency reasonably relied on inconsistencies between Sharma's own statements and his documentary evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Sharma's application and testimony provided that members of the ruling parties twice attacked him, he reported the first attack to the police, and the police warned him that he would be arrested and jailed if he made further reports. He testified that the police pushed him out of the station, but he confirmed that he was not arrested, interrogated, or prosecuted. However, he submitted two documents that directly contradicted these statements. His father's affidavit said that "police also filed false charges against my son," Certified Administrative Record ("CAR") 103, and a letter from a SADA official said that Sharma was "arrested, interrogated and prosecuted by Punjab

4

Police because of his political activities," *id.* at 106–07. The agency was not required to accept Sharma's explanations for these inconsistencies. "A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted). When questioned about the inconsistency, he admitted that the document from the party official was "not correct," CAR at 88, and he said that his father's statement might be inaccurate because his father lacks education and may not have understood what was in the affidavit, *see id.* at 84. The agency was not required to credit these explanations because the explanations did not resolve the inconsistencies and Sharma testified at the beginning of the hearing that his supporting documents were true and correct. *Id.*

The inconsistency between Sharma's statements and his documentary evidence is alone substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single

inconsistency might preclude an alien from showing that an IJ was compelled to find him credible."); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document . . . may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6